Filed 2/23/26  City of El Monte v. Lincoln CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CITY OF EL MONTE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>TUCKER LINCOLN,<br><br>    Defendant and Respondent. | B344087<br><br>(Los Angeles County<br>Super. Ct. No. 22PSCV00257) |

APPEAL from an order of the Superior Court of Los Angeles County.  Lynette Marie Gridiron Winston, Judge.  Affirmed.

Enso Law and David R. Welch for Plaintiff and Appellant.

Kashfian & Kashfian, Ryan D. Kashfian, Robert A. Kashfian and Troy D. Krouse for Defendant and Respondent.

_____

The City of El Monte (City) appeals from a postjudgment order awarding attorney fees to respondent Tucker Lincoln. The record presented on appeal by the City is inadequate, and the City's contention that respondent was not entitled to attorney fees otherwise fails. We accordingly affirm the order.

## BACKGROUND

The initial complaint in this matter was filed by the City in March 2022 against respondent and numerous other defendants. The City pleaded a cause of action for abatement based upon allegations that the defendants ran an illegal marijuana operation through retail storefronts and engaged in other illegal activity. The complaint sought recovery of the City's attorney fees pursuant to Civil Code section 3496. In response to the complaint, respondent filed a motion for judgment on the pleadings, which was granted by the trial court, with leave to amend the complaint.

The City subsequently filed a first amended complaint, again pleading a cause of action for abatement and seeking attorney fees under Civil Code section 3496. In contrast to the initial complaint, which listed only one law firm as attorney for the City, the first amended complaint listed two firms, Enso Law, LLP (Enso firm) and Olivarez Madruga Law Organization, LLP (Olivarez firm). This addition of a separate law firm was apparently in response to a trial court finding that the initial complaint did not indicate that the Enso firm was independently authorized to bring the lawsuit on behalf of the City. Respondent filed a demurrer, which the trial court sustained, with leave to amend.

The City's second amended complaint again pleaded a nuisance cause of action and sought attorney fees under Civil Code section 3496, listing both the Enso firm and the Olivarez firm as attorneys. The trial court sustained another demurrer filed by respondent, this time without leave to amend, finding that the second amended complaint contained no allegations linking any unlawful activity by respondent to

2

properties within the City.  Judgment was entered in favor of respondent.

Respondent thereafter filed a motion for attorney fees.  The motion was based, in part, on Civil Code section 3496, contending that respondent was entitled to an award of attorney fees under the statute.  The City opposed the motion.  Among other arguments, the City asserted that the total amount of recoverable fees was zero as the El Monte Municipal Code made any fees award reciprocal to the amount expended by the City.  According to the City, it had not incurred fees because the Enso firm represented the City on a contingency fee basis.  In support of this claim, the opposition attached a declaration by an attorney from the Enso firm, David R. Welch.  That declaration is not included in the record on appeal.  The City also argued that the fees requested by respondent were excessive.

The trial court granted respondent's motion for attorney fees but awarded less than requested based on a finding that the total amount of billed hours was excessive.

The City filed a timely notice of appeal.

## DISCUSSION

The City contends that the trial court erred in awarding attorney fees to respondent.  Its primary argument is that recoverable attorney fees were limited by the El Monte Municipal Code to the amount of fees incurred by the City in defending the action.  Because, according to the City, it was represented on a contingency basis, it incurred no attorney fees, and therefore respondent may recover none himself.

We reject the City's argument.  Civil Code section 3496 provides an independent basis for the attorney fees award in this matter.  Subdivision (c) of Civil Code section 3496 provides that a court may award reasonable attorney fees to the "prevailing party" "[i]n any case in which a governmental agency seeks to enjoin the use of a building or place, or seeks to enjoin in or upon any building or place the unlawful sale, manufacture, service, storage, or keeping or giving away of any

3

controlled substance." The statute contains no provision limiting awardable attorney fees to the total fees incurred by the government agency. (See *Shames v. Utility Consumers' Action Network* (2017) 13 Cal.App.5th 29, 38 [prevailing party may recover fees when statute provides for fee shifting].) There is no question that this action comes under the statute. The City's initial and amended complaints each sought abatement for controlled-substance activity occurring at a building or place, and each of the pleadings expressly invoked Civil Code section 3496 for recovery of attorney fees.

On appeal, the City argues that Civil Code section 3496 does not provide an independent basis for the fees award. Accepting the City's current argument that the statute does not apply would require us to disregard the City's case as pleaded. It would also require us to consider an argument not raised below, as the City did not contend that the statute was inapplicable in opposing the attorney fees motion. (See *Breslin v. Breslin* (2021) 62 Cal.App.5th 801, 806 [a party generally may not raise an issue for the first time on appeal].) Given the City's repeated requests for attorney fees under Civil Code section 3496 at the trial court level, it cannot credibly argue on appeal that the statute does not apply.

In any event, application of the El Monte Municipal Code does not assist the City. El Monte Municipal Code section 1.19.030, subdivision (A), provides in pertinent part: "A prevailing party in any action . . . to abate, or cause the abatement of, a violation of this code or any public nuisance, or in any appeal or other judicial action arising therefrom, shall be entitled to recover reasonable attorneys' fees from any non-prevailing party." Subdivision (B) states: "Provided that the city has made an election to seek attorneys' fees, an award of attorneys' fees to a person shall not exceed the amount of reasonable attorneys' fees incurred by the city in that action or proceeding." The City argues that it did not incur any fees because its retained attorneys acted on a

4

contingency fee basis, and, therefore, any award of fees would exceed the amount incurred by the City.

This argument fails as a threshold matter due to the lack of an adequate record, both at the trial court level and on appeal. First, one reason the trial court rejected the City's argument was that, in opposing the motion for attorney fees, the City only submitted evidence relating to work done by the Enso firm, the firm purportedly hired on a contingency fee basis. Completely missing from the City's opposition was discussion of the work done by Olivarez firm, which was listed as cocounsel for the bulk of the case, including on the opposition to the fees motion. Respondent met his burden in moving for attorney fees. (See *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1020 [a defendant moving for fees must establish an entitlement to fees and properly document them].) The burden thus shifted to the City to provide a valid basis for denial of the fees request. (*Vines v. O'Reilly Auto Enterprises, LLC* (2022) 74 Cal.App.5th 174, 184.) To support the claim made in its opposition, the City needed to present sufficient evidence to demonstrate that it truly incurred no fees. With no record of the Olivarez firm's billing records or other statements identifying what was done or charged by the firm, the City did not meet this burden.

Second, the record the City provides on appeal is even further inadequate. The evidentiary basis for the City's assertion that the Enso firm worked on a contingency basis rested on the declaration of Attorney David R. Welch. As noted, this declaration is not in the record on appeal. This court cannot simply assume that the premise of the City's argument—that it incurred no fees—is supported by the record. An appellant has "a duty to provide an adequate record on appeal to support his claim of error. [Citation.] In the absence of an adequate record, the judgment is presumed correct." (*Roberson v. City of Rialto* (2014) 226 Cal.App.4th 1499, 1507; see also *Protect Our Water v.*

5

*County of Merced* (2003) 110 Cal.App.4th 362, 364 [on appeal, "if it is not in the record, it did not happen"].)

Finally, even if the record had been adequate, that would not lead to the conclusion that the El Monte Municipal Code prohibited the trial court from awarding attorney fees to respondent.  As the City points out in its opening brief, El Monte Municipal Code section 1.19.030 essentially "mirror[s] the language" of Government Code section 38773.5.  Government Code section 38773.5, subdivision (b) stipulates that if an "ordinance provides for the recovery of attorneys' fees, it shall provide for recovery of attorneys' fees by the prevailing party, rather than limiting recovery of attorneys' fees to the city if it prevails."  (See also *City of Monte Sereno v. Padgett* (2007) 149 Cal.App.4th 1530, 1537 [explaining that the statute "forbids the unilateral recovery" of fees by a municipality].)

Under the City's proposed reading of El Monte Municipal Code section 1.19.030, this rule requiring reciprocal recovery of attorney fees would be meaningless.  To the extent that the ordinance purported to impose a rule of unilateral recovery, it would run afoul of Government Code section 38773.5 and could not be upheld.  (*City of Monte Sereno v. Padgett, supra,* 149 Cal.App.4th at p. 1537.)

But, in any event, the ordinance cannot reasonably be construed to allow for unilateral recovery of attorney fees by the City, even though the City was represented by counsel on a contingency fee basis, because the City nevertheless "incurred" attorney fees as relevant to a fee award determination.  It is well established that "a party may 'incur' attorney fees even if the party is not personally obligated to pay such fees."  (*Lolley v. Campbell* (2002) 28 Cal.4th 367, 373.) " ' "[A]wards of attorneys' fees where otherwise authorized are not obviated by the fact that individual plaintiffs are not obligated to compensate their counsel," ' " and " 'attorney fees are incurred by a litigant "if they are incurred in his behalf, even though he does not pay them." ' "  (*Ibid.*)

6

Under the circumstances presented to the trial court, the court had no reasonable choice but to find that the City incurred attorney fees. The court properly limited respondents' recovery of fees to an amount that it concluded was reasonable. There is no compelling reason for this court to second-guess this factual conclusion.

**DISPOSITION**

The order is affirmed. Respondent is entitled to his costs on appeal, including reasonable attorney fees, in an amount to be determined by the trial court.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

RICHARDSON, J.

GILBERT, J.*

---

**\*** Retired Presiding Justice of the Court of Appeal, Second Appellate District, Division Six, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.